IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ERIC MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:17-03393-CV-RK |
| | ) |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: ulcerative colitis, degenerative disc disease of the cervical and lumbar spine, and obesity. The ALJ also determined that Plaintiff has the following non-severe impairments: simple neuralgia, generalized osteoarthritis, cubital tunnel syndrome in the upper right extremity, and a disorder of the visual cortex with transient vision issues. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work but cannot work on ladders, ropes or scaffolding; cannot work at unprotected heights; can occasionally climb stairs and ramps; and can occasionally stoop, kneel, crouch, and crawl. The ALJ found that Plaintiff was able to perform past relevant work as a hog confinement systems manager but unable to perform other past relevant work. The ALJ determined that Plaintiff was not disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.

On appeal, Plaintiff contends that the ALJ erred in giving only "light weight" to the opinions of two treating physicians, Dr. Butcher and Dr. Latinis,[1] both of whom opined that Plaintiff could not sustain sedentary work.[2] An ALJ must "give good reasons" for discounting a treating source opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

---

[1] The Court notes that Dr. Latinis' name is not spelled consistently throughout the record, but it adopts the spelling used in the medical record.

[2] The regulations define "sedentary work" as work that
"involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."
20 C.F.R. §§ 404.1567(a), 416.927(a) (defining physical exertion requirements for sedentary, light, medium, heavy, and very heavy work).

1. Dr. Butcher

Dr. Butcher completed a medical source statement (Ex. 16F) indicating that Plaintiff could occasionally lift and carry up to twenty pounds and never lift fifty pounds; rarely twist, stoop, balance, crouch, crawl, or climb; rarely reach, handle, finger, or feel; sit twenty minutes for four hours of an eight-hour workday; and stand twenty minutes for four hours of an eight-hour workday. Dr. Butcher also opined that Plaintiff needed to shift positions at will from sitting, standing, or walking; needed unscheduled breaks every thirty minutes; needed to use a cane or other assistive device due to imbalance; would be off-task 25% of a typical eight-hour workday; and would miss work or leave early more than four days per month.

In giving Dr. Butcher's opinion little weight, the ALJ stated that it was not clear what Dr. Butcher's treating relationship was with Plaintiff, when he treated Plaintiff, or what testing he relied on to support his opinion. The ALJ also stated that Dr. Butcher's opinions were "inconsistent with the longitudinal medical record[.]" (Tr. 28.)

Substantial evidence supports the ALJ's conclusion that Dr. Butcher's opinion was inconsistent with the medical record. The record showed that Plaintiff's ulcerative colitis improved with medication and was in remission. (Tr. 571, 573, 576-77, 584-85, 591, 594-95, 629.) In regard to Plaintiff's neck pain, as the ALJ noted, Plaintiff underwent an anterior cervical fusion in 2007 and imaging studies showed that the fusion was complete and that it caused no complications. (Tr. 26, 654, 678.) The ALJ explained that although other imaging studies showed a large anterior osteophyte, a small disc protrusion, and disc bulge, there was no listhesis or instability noted. (Tr. 164-65, 524, 738, 744-45.) Plaintiff's neck pain also improved with treatment. (Tr. 659.) In regard to Plaintiff's back pain, the ALJ acknowledged that "imaging studies revealed decreased disc height and mild degenerative changes [], but there was no instability." (Tr. 26, 524.) The ALJ acknowledged that "MRI scans of the lumbar spine revealed mild degenerative changes []." (Tr. 27, 748.) Imaging of Plaintiff's thoracic spine showed a mild disc bulge, a small benign growth, and degenerative changes, but no stenosis, vertebral body heights were maintained, alignment was normal, and there was no acute fracture or subluxation. (Tr. 27, 650, 741.) On the whole, treatment records with back and neck findings do not support disabling pain. (Tr. 523-25, 629-30, 634-35, 647-48, 654, 671-73, 677-78, 738, 744-45.)

Accordingly, substantial evidence supports the ALJ's decision to discount Dr. Butcher's opinion because Dr. Butcher's opinion was inconsistent with the medical record. *Travis v. Astrue*,

477 F.3d 1037, 1042 (8th Cir. 2007) (The Court "will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence."). The Court therefore need not address the ALJ's other reasons for discounting Dr. Butcher's opinion relating to the nature of treatment relationship, dates of treatment, and testing relied on.

2. Dr. Latinis

Dr. Latinis also completed a medical source statement. (Ex. 11F.) In his statement, Dr. Latinis opined that Plaintiff could occasionally lift and carry up to twenty pounds and never lift fifty pounds; rarely twist, stoop, or crouch; never balance, crawl, or climb; frequently reach, handle, finger, or feel; sit twenty minutes for less than two hours of an eight-hour workday; and stand thirty minutes for four hours of an eight-hour workday. Dr. Latinis also opined that Plaintiff needed to shift positions at will from sitting, standing, or walking; needed unscheduled breaks every hour; needed to use a cane or other assistive device due to imbalance and insecurity; would be off-task 25% of a typical eight-hour workday; and would miss work or leave early more than four days per month.

The ALJ stated that he gave "little weight" to Dr. Latinis' opinion because it was inconsistent with the treatment records from Dr. Latinis' clinic that showed good physical examinations in December 2015 (Dr. Whitaker) and May 2016 (Dr. Latinis). (Tr. 28.) Although it appears the ALJ substituted his own judgment for the physicians' opinions, this error is harmless because the medical evidence cited above also supports that Dr. Latinis' opinion is likewise inconsistent with the medical record. *See Lucus v. Comm'r, Soc. Sec. Admin.*, No. 6:17-03247-CV-RK, 2018 WL 4600304, at *3 (W.D. Mo. Sept. 25, 2018) (affirming despite harmless error).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the decision of the ALJ is **AFFIRMED.**

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 21, 2018